**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5015-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

HECTOR FELICIANO, a/k/a
HECTOR FELECIANO,

     Defendant-Appellant.

_____

Submitted October 10, 2018 – Decided October 23, 2018

Before Judges Hoffman and Firko.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 09-06-2098.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Patrick D. Isbill, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Hector Feliciano appeals from an order denying his petition for post-conviction relief (PCR) after oral argument but without an evidentiary hearing. We affirm, substantially for the reasons expressed in Judge Steven J. Polansky's written opinion.

The parties are familiar with the procedural history and facts of this case, and, therefore, they will not be repeated in detail here.[1]

Defendant was charged with first-degree leader of a narcotics trafficking network in violation of N.J.S.A. 2C:35-3; first-degree possession with intent to distribute a controlled dangerous substance (CDS) in violation of N.J.S.A. 2C:35-5(a)(1) and -5(b)(1); first-degree possession with intent to distribute a CDS in violation of N.J.S.A. 2C:35-5(a)(1) and 5(b)(1); and second-degree conspiracy to distribute a CDS in violation of N.J.S.A. 2C:5-2 and 2C:35-5(a)(1), -(b)(1), and -(b)(10).

Defendant pled guilty to first-degree leader of a narcotics trafficking network, and was sentenced to a thirty-year sentence with a fifteen-year parole ineligibility, to run concurrently with a sentence he was already serving.

---

[1] The chronology is set forth in State v. Feliciano, 224 N.J. 351 (2016) which modified and affirmed the judgment of this court. See State v. Feliciano, No. A-4290-11 (App. Div. May 6, 2014) (slip op. at 1-50). We incorporate, by reference, the facts stated in the prior opinions.

A-5015-16T3

Mandatory fines and penalties were imposed, along with an additional $200,000 anti-profiteering fine. This court affirmed his conviction.

I.

In his original pro se petition and the supplemental petition filed by counsel, defendant argued he was denied effective assistance of counsel because:

> (1) Counsel failed to argue that the New Jersey Roving Wiretap provision was unconstitutional at the suppression hearing, as it does not afford guaranteed minimum protections, and no such argument was raised on direct appeal;
>
> (2) Counsel failed to disclose that co-defendant Santos Cuevas ("Cuevas") received a lesser sentence than that called for by the plea agreement;
>
> (3) Counsel failed to challenge the evidence seized as a result of the execution of the search warrant as fruit of the poisonous tree;
>
> (4) Counsel failed to move to revoke the terms of the plea agreement, as petitioner was not sentenced with that agreement.

On appeal, he argues:

> DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING BECAUSE HE MADE A PRIMA FACIE SHOWING THAT HE WAS ENTITLED TO POST-CONVICTION RELIEF DUE

3

TO THE STATE'S <u>BRADY</u>[2] VIOLATION, AND THE
FACTS WERE OUTSIDE THE RECORD.

II.

The PCR court found that defendant's claim of ineffective assistance of trial and appellate counsel with regard to the roving provision of New Jersey's Wiretapping and Electronic Surveillance Control Act, N.J.S.A. 2A:156A-9(g), and N.J.S.A. 2A:156A-1 to -37, was barred by <u>Rule</u> 3:22-5 because the issue was adjudicated both by our Supreme Court and this court.

<u>Rule</u> 3:22-5 provides: "A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings." Therefore, the record fully supports the PCR court's finding that: "While petitioner's claim is cloaked in the language of ineffective assistance of counsel, the claims are substantially the same as those argued on appeal – the constitutionality of the statute." We agree.

Next, defendant contends that his right to due process under <u>Brady</u> was violated because the State purportedly failed to disclose that Cuevas was

---

[2] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

promised a lesser sentence in exchange for implicating defendant as the leader of a narcotics trafficking network. He asserts that "the only evidence that would sustain [his] conviction for leader of a narcotics trafficking network were statements given by [Cuevas]." Defendant claims that had counsel advised him of this, he would have proceeded to trial instead of entering a guilty plea because Cuevas's credibility could have been impeached at a trial.

In Brady, the Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where [it] is material either to guilt or punishment, irrespective of the good faith or bad faith of the [State]." Brady, 373 U.S. at 87; see also R. 3:13-3. To establish a Brady violation, a defendant must demonstrate that (1) the prosecutor failed to disclose evidence, (2) the evidence was of a favorable character to the defendant, and (3) the evidence was material. State v. Parsons, 341 N.J. Super. 448, 454 (App. Div. 2001) (citations omitted).

Defendant's trial counsel wrote to the assistant prosecutor on July 15, 2011, requesting "all extra judicial conversations that you've had with any defendants or other attorneys regarding cooperations and deals." She also clearly stated, "[f]or example, I'm aware that [Cuevas] will get considerably less time than [what was in] his original deal for cooperating in other investigations."

Defendant, who was copied on the letter, was "well aware that [Cuevas] would receive a reduced sentence prior to the time that [defendant] entered his guilty plea," as aptly found by the PCR court. Indeed, defendant was sentenced on January 13, 2012, and Cuevas was sentenced a week later. Therefore, the record fully supports Judge Polansky's finding that defendant failed to establish that the State suppressed Cuevas's cooperation.

### III.

New Jersey courts follow the rule formulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish ineffective assistance, a defendant must identify acts or omissions showing unreasonable professional judgment, and then must demonstrate that these errors had a prejudicial effect on the conviction. State v. Fritz, 105 N.J. 42, 58 (1987). The same standards are applied to ineffective assistance of appellate counsel claims. State v. Harris, 181 N.J. 391, 518 (2004).

In reviewing claims of ineffective assistance of counsel, we apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy of representation

by counsel." Fritz, 105 N.J. at 54 (quoting State v. Williams, 39 N.J. 471, 489 (1963)). "The quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006) (citation omitted). "As a general rule, strategic miscalculations or trial mistakes are insufficient to warrant reversal 'except in those rare instances where they are of such magnitude as to thwart the fundamental guarantee of [a] fair trial.'" Id. at 314-15 (quoting State v. Buonadonna, 122 N.J. 22, 42 (1991)).

Judge Polansky reviewed in detail defendant's various claims of ineffective assistance of counsel, and duly found, in light of the evidence and record, that no Brady violation was established. Counsel was thoroughly familiar with the evidence and made strategic decisions about the plea agreement. Therefore, defendant failed to demonstrate a prima facie claim of ineffective assistance of counsel relative to Cuevas's cooperation with law enforcement. Post-trial and post-appeal disagreement with strategy do not constitute ineffective assistance of counsel. Castagna, 187 N.J. at 314-15.

We find no error in denying defendant an evidentiary hearing as Judge Polansky correctly found that there was no showing of a prima facie case of

ineffective assistance of counsel because the constitutionality of the New Jersey roving wiretap statute, N.J.S.A. 2A:156A-9(g), was upheld by this court and the New Jersey Supreme Court, and may not be reopened in a petition for post-conviction relief. This is hardly the "casual and superficial representation" contemplated in State v. Preciose, 129 N.J. 451, 463 (1992). Defendant has not identified any reversible error in his plea or sentencing either.

After carefully considering the remaining arguments, Judge Polansky determined that defendant failed to demonstrate that his trial or appellate counsel was constitutionally defective. He delineated his sound reasons in a careful and thorough thirty-page opinion, which we adopt.

We have fully considered the balance of the arguments raised by defendant, and are satisfied that they lack sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5015-16T3